IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VISION BANK, a Florida Banking Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No.  10-0324-KD-C |
| BRUCE Q. WHITE and JACQUELINE L. WHITE, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This action is before the Court on the status report filed by plaintiff SE Property Holdings, LLC as successor by merger to Vision Bank  (Doc. 24).  Plaintiff reports that the Whites' Chapter 7 bankruptcy case is now closed and distribution has been made to plaintiff with respect to its Proof of Claim.  Plaintiff states that this action may now be closed because the bankruptcy has concluded.  Upon consideration, and for the reasons set forth herein, the stay of this action is lifted and this action is **dismissed with prejudice.**  The Clerk of the Court is directed to close this action.

The docket indicates that the Whites did not file or serve an answer.  Plaintiff applied for entry of default and the Clerk entered default (docs. 9, 10).  Therefore, the Court construes the status report as a notice of voluntary dismissal with prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure which provides for voluntary dismissal of an action by the plaintiff before the defendant serves an answer or a motion for summary judgment.

After the entry of default, the Whites filed their suggestion of bankruptcy and this Court stayed the action pursuant to the automatic stay provision of 11 U.S.C. §362 (doc. 12). Although the automatic stay has issued, "courts retain jurisdiction 'to determine the applicability of the stay to litigation pending before them, and to enter orders not inconsistent with the terms of the stay.'" *Robert v. Bell Helicopter Textron, Inc.*, 2002 WL 1268030, 2 (N.D. Tex. May 31, 2002) (quoting *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990)).

The automatic stay, in relevant part, operates to stay the continuation of judicial proceeding against the debtor. 11 U.S.C. § 362(a)(1). Also, the automatic stay serves two primary purposes: To relieve the debtor from the financial expense of litigation during the bankruptcy proceedings and to protect creditors by preserving the debtor's estate. *Carver v. Carver*, 954 F.2d 1573, 1576 (11th Cir.1992). However, "courts have held that the automatic stay does not prevent a court from dismissing a case against the debtor on the motion of the plaintiff pursuant to rule 41(a) of the Federal Rules of Civil Procedure", so long as the dismissal is not inconsistent with the purpose of the automatic stay. *Settles v. Commissioner of Internal Revenue*, 138 T.C., No. 19, 2012 WL 1605350, *3 (U.S. Tax Ct. May 8, 2012) (citing *Arnold v. Garlock Inc.*, 288 F.3d 234 (5th Cir.2002); *Slay v. Living Ctrs. E., Inc.*, 249 B.R. 807 ( S.D.Ala. 2000)[1]; *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 852 F.Supp. 226 (S.D.N.Y. 1994)).[2]

---

[1] In *Slay*, the district court found that a voluntary dismissal under Rule 41(a)(1)(i) does not violate the automatic stay and that "the purposes of the Bankruptcy Code [a]re in no way infringed by the dismissal by a plaintiff of a case against the bankrupt without any additional cost or risk to the bankrupt or its creditors.") (quoting *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 852 F. Supp. 226, 228 (S.D.N.Y. 1994)) (brackets in original).

[2] *See also Independent Union of Flight Attendants v. Pan American World Airways, Inc.,* 966 F.2d 457, 459 (9th Cir. 1992) (finding automatic stay did not preclude (Continued)

Dismissal of this action would relieve the Whites from the expense of litigation. Also, since the bankruptcy action has closed, the creditors have been protected by that proceeding. Therefore, dismissal of this litigation against the Whites is not inconsistent with the purposes of the automatic stay.  Accordingly, this action is due to be dismissed with prejudice with each party to bear their own costs.

DONE and ORDERED this the 24th day of July, 2012.

s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

disposing of a motion to dismiss a bankruptcy appeal); *Dennis v. A.H. Robins Co., Inc.*, 860 F.2d 871, 872 (8th Cir. 1988) (holding that the § 362(a) stay does not "preclude another court from dismissing a case on its docket or ... affect the handling of a case in a manner not inconsistent with the purpose of the automatic stay."); *Gallagher v. Sports Publishing, LLC*, 2009 WL 294400 (C.D. Ill. February 4, 2009) ("A Rule 41 dismissal does not violate the automatic stay because the purposes of the Bankruptcy Code are in no way infringed by dismissal of the action against the bankrupt party without any additional cost or risk to the bankruptcy party or its creditors") (citations omitted).